UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN M. CAVE,

      Plaintiff,

v.                                            Case No.  6:22-cv-797-WWB-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS, STEPHEN
STEINMEYER and DEBRA CRESPO,

      Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Disqualify ("Motion," Doc. 32). Plaintiff requests the undersigned magistrate judge to recuse himself from this action. Defendants filed a Response in Opposition to the Motion (Doc. 34).

Pursuant to 28 U.S.C. § 144,

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A

party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Likewise, 28 U.S.C. § 455 provides in relevant part that a federal judge must disqualify himself if his "impartiality might reasonably be questioned," or if he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993). Furthermore, for disqualification to be warranted under 28 U.S.C. § 455, a "judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citing *Jaffe v. Grant*, 793 F.2d 1182, 1188 (11th Cir. 1986)). Consequently, generally, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *Id.* An exception to this rule "is the situation in which 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'" *Jaffe*, 793 F.2d at 1189 (quoting *United States v. Phillips,* 664 F.2d 971, 1002–03 (5th Cir. 1981)).

The basis of Plaintiff's Motion is the undersigned's June 26, 2023 Order (Doc.

2

29) in which the Court ordered Plaintiff to provide Defendants with three dates during normal business hours to conduct his deposition and warned Plaintiff that his failure to comply with the Order would result in sanctions up to and including dismissal of the action. According to Plaintiff, the order shows that he will not receive a fair trial if the undersigned remains a judge in this case.

Plaintiff has not demonstrated any basis under §§ 144 and 455 warranting the undersigned's recusal. Plaintiff seeks the undersigned's recusal based on the undersigned's ruling on matters in this case. However, a judge's ruling in the case does not justify recusal where, like here, there is no pervasive bias and prejudice demonstrated. Consequently, Plaintiff's Motion to Disqualify ("Motion," Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

3